**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41623
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YADER GILBERTO AREA-RUIZ,
also known as Yader Arei,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 7:05-CR-140-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

    Yader Area-Ruiz appeals the 46-month sentence imposed follow-
ing his guilty-plea conviction of illegal reentry in violation of
8 U.S.C. § 1326. For the first time on appeal, he challenges his
criminal history score, asserting that the district court erron-
eously assessed a criminal history point for his 1996 state-court

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction of criminal mischief because he was under the age of eighteen when the offense was committed and because the conviction was more than five years old.

The plain-error standard of review applies. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotation marks and citation omitted). "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Even if there was a clear and obvious error, Area-Ruiz cannot show that his substantial rights were affected. Because the 46-month sentence could be reinstated on remand, and because it is not reasonably probable that Area-Ruiz would have received a lesser sentence on remand, Area-Ruiz fails to satisfy the plain-error standard of review. See United States v. Jones, 444 F.3d 430, 437-38 (5th Cir. 2006).

Area-Ruiz's constitutional challenge to the sentencing provisions of § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey,

530 U.S. 466 (2000), we have repeatedly rejected such arguments on the ground that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005); <u>see also</u> <u>Rangel-Reyes v. United States</u>, 126 S. Ct. 2873 (2006). Area-Ruiz properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.